(76 Misc. Rep. 441.)

### SMITH v. TRAVELERS' INS. CO.

(Supreme Court, Appellate Term. May 9, 1912.)

1. INSURANCE (§ 292*)—LIFE INSURANCE—WARRANTIES—BREACH—EVIDENCE.

A breach of warranty in a health policy, stipulating that insured has not consulted a physician within five years, is not established by the certificate of a physician, attached to an application by insured to the board of education of a city for leave of absence with pay, reciting that insured's illness within five years was influenza and tonsilitis, in the absence of any evidence that insured consulted the physician for purpose of treatment.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 691, 692; Dec Dig. § 292.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. INSURANCE (§ 291*)—LIFE INSURANCE—WARRANTIES—BREACH—EVIDENCE.

A warranty in a health policy, stipulating that insured has not been disabled and has not received medical attention within five years, must be construed in the light of the purpose of the warranty to convey to insurer knowledge of all serious disabilities from which the applicant for insurance has suffered during the past five years, and the warranty has no reference to a temporary illness resulting from influenza and tonsilitis, though insured, in an application to the board of education of a city for leave of absence with pay on account of illness, described the illness as "serious personal illness," and though he subsequently expressed his opinion that such illness was the forerunner of a subsequent illness.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 681–690, 694–696; Dec. Dig. § 291.*]

3. INSURANCE (§ 668*)—LIFE INSURANCE—WARRANTIES—BREACH—EVIDENCE.

Whether warranties in a health policy, stipulating that insured had not been disabled nor received medical attention within the past five years, were violated, so as to defeat a recovery on the policy, held, under the evidence, for the jury.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1556, 1732–1770; Dec. Dig. § 668.*]

Appeal from City Court of New York, Trial Term.

Action by Abraham Smith against the Travelers' Insurance Company. From a judgment for defendant, rendered in the City Court of the City of New York, plaintiff appeals. Reversed, and new trial ordered.

Argued April term, 1912, before SEABURY, GUY, and GERARD, JJ.

Morrison & Schiff, of New York City (Jacob R. Schiff, of New York City, of counsel), for appellant.

William J. Moran, of New York City, for respondent.

GUY, J. The plaintiff herein appeals from a judgment dismissing the complaint in an action brought to recover under a policy of health insurance issued by defendant to plaintiff against disability by disease. The policy provides that "for the term of continuous disability during which the plaintiff shall independently of all other causes be necessarily confined to the house, and totally disabled and prevented by bodily disease, not excepted under such policy, from performing any and every kind of duty pertaining to his occupation," he is to receive a weekly indemnity of $25.

Plaintiff proved that in November, 1910, after the policy was issued, he was taken ill with a nervous disease and totally disabled for the term of 27½ weeks. The answer contains a general denial, and a separate defense of the breach of three warranties made by plaintiff at the time of the issuance of the policy. These warranties are as follows:

"L. I am in sound condition mentally and physically. * * * I have never had, nor am I now suffering from or subject to, * * * any bodily or mental infirmity or deformity, except as herein stated."

"O. I have not been disabled, nor have I received medical or surgical attention, within the past five years."

"P. Last physician consulted was none in five years."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

On cross-examination of plaintiff, it developed that in May, 1909, prior to the issuing of the policy of insurance by defendant to plaintiff, plaintiff made a written application to the department of education for a leave of absence, with pay, on account of his absence from school work from May 10 to May 21, 1909, in which application he stated that he was away on account of "serious personal illness." Attached to the application was the certificate of a physician that plaintiff's illness was influenza and tonsilitis. Plaintiff testified that he did not know or remember, at the time the policy was issued, of this illness in May, 1909. Defendant also introduced in evidence a letter, admitted to have been written by the plaintiff to the district superintendent of schools in May, 1910, in which he stated that his record of attendance, prior to May, 1909, was good, and that the 15 days' absence in May, 1909, was but a forerunner of the illness from which he suffered from November, 1909, to May, 1910.

Plaintiff, in rebuttal, stated that the nature of his illness in May, 1909, was that he had a severe cold and that he was worried, that his throat was very sore, that he found difficulty in talking, and that he had a running nose and a cold in the head. His physician testified that what he meant by the certificate that plaintiff's illness was influenza and tonsilitis was—

"'grippe' or a 'cold.' We generally call it 'la grippe.' The nature of the tonsilitis that I spoke of generally goes with the grippe. It consisted of a redness of the throat and little follicles in the tonsils. The tonsilitis was simply the result of the cold. I don't remember whether I examined him. He did not call me to examine him. I don't remember whether I examined him. I was at the house during the day and treated his wife, and he complained of having a bad cold; but I don't remember having examined him or having prescribed for him. I certified in the paper to what I saw from the visit to his home."

At the close of plaintiff's case, on this evidence, the learned trial justice dismissed the complaint, holding that the application made to the department of education, and the certificate attached thereto, established a violation of warranties O and P of the policy.

[1] It is clear that this certification by the physician, without an examination of the plaintiff, and in the absence of evidence that the plaintiff consulted him for the purpose of being treated by him as a physician, established no violation of warranty P.

[2] As to warranty O, "I have not been disabled nor have I received medical or surgical attention within the past five years," this warranty must be construed in the light of the purpose for which it was made, viz., to convey to the assurer full knowledge of all serious disabilities from which the person applying for insurance has suffered during the previous five years. Unless it is to be assumed that the business of health insurance is conducted solely for the profit of the insurance companies, without any corresponding possibility of benefit on the part of the assured, it cannot be supposed that the warranty had reference to any such temporary illness as the evidence shows the plaintiff suffered in the month of May previous to the issuing of the policy. Though in his application to the board of education the plaintiff described it as a serious personal illness, that is but an expression

of his opinion, not from a medical point of view, or the point of view of obtaining insurance, but as a compliance with certain established rules of the department of education regulating the pay of its employés. There is no evidence that the disease was of a nature which seriously disabled him, or such as left any serious effects having a bearing upon the purpose and meaning of the policy. His subsequently formed, and subsequently expressed, opinion, in May, 1910, that the illness of May, 1909, was the forerunner of the illness in November, 1909, is also but an expression of opinion of one not an expert, and having no probative value or force.

In Cushman v. United States Life Ins. Co., 70 N. Y. 72, the Court of Appeals say:

"In construing contracts, words must have the sense in which the parties used them; and to understand them as the parties understood them, the nature of the contract, the objects to be attained, and all the circumstances must be considered. By the questions inserted in the application, the defendant was seeking for information bearing upon the risk which it was to take, the probable duration of the life to be insured. It was not seeking for information as to merely temporary disorders or functional disturbances, having no bearing upon general health or continuance of life. Colds are generally accompanied with more or less congestion of the lungs, and yet in such a case there is no disease of the lungs which an applicant for insurance would be bound to state. * * * In construing a policy of life insurance, it must be generally true that, before any temporary ailment can be called a disease, it must be such as to indicate a vice in the constitution, or to be so serious as to have some bearing upon general health, * * * or such as according to common understanding would be called a disease."

This is no reason why this same principle should not apply in construing the policy of health insurance. The purpose of the questions which the assured is required to answer does not contemplate that he shall establish, before he can enter into such a contract of insurance, that he has never suffered from any temporary illness or slight disability. As before intimated, if such construction is to be placed upon health policies, it would be the duty of the state to forbid the making of such policies. They would be in fact but traps for the unwary, from which the insured could derive no possible benefit.

In the case of Bancroft v. Home Benefit Association of New York, 120 N. Y. 20, 23 N. E. 999, 8 L. R. A. 68, the same learned court say:

"It is insisted by the counsel for the defendant that, if the injury was considered serious at the time, it is one which must be mentioned in reply to the interrogatory. * * * But there are grave and obvious difficulties in this construction. The accidents resulting in personal injuries, which, at the moment, are considered by the parties serious, are so very numerous that it would be almost impossible for a person engaged in active life to recall them at the age of 40 or 50 years, and if the failure to mention all such injuries must invalidate the policy, very few would be sustained. * * * If the party gets over the injury completely without leaving any ill consequences in a few days, it is clear that the serious aspect of the case was not a true one."

[3] The court further holds that it was for the jury to decide, under all the circumstances of the case, whether there was a violation of the warranty. In holding, as matter of law, that the application made by the plaintiff to the department of education, and the certificate of the physician attached thereto, constituted a violation of war-

ranties O and P of the policy, the learned trial justice committed serious error. It is doubtful whether, in the light of the explanations given by the plaintiff as to the circumstances under which the application and certificate were made, these facts, unsupported by further evidence on the part of the defendant, would constitute any defense to plaintiff's cause of action; but, in any event, it was error to hold that, as matter of law, the evidence established a breach of warranty on the part of the plaintiff.

The judgment must therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.